IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 13 |
| | ) | |
| Glenn D. Peck, | ) | Case No. 21-11161 (BLS) |
| | ) | |
| | ) | Re D.I. [17, 26. 42, 46, 49, 51, 53] |
| | ) | |
| Debtor. | ) | |
| | ) | |

## OPINION

Creditor NewRez LLC d/b/a Shellpoint Mortgage Servicing (the "Creditor") objects[1] to the confirmation of the Debtor Glenn D. Peck's (the "Debtor") Chapter 13 plan.[2] The Chapter 13 plan proposes to cram down the Creditor's mortgage securing both the Debtor's real estate and mobile home. Both parties agree that the mobile home is personal property subject to cramdown but disagree as to the status of the real estate. For the reasons that follow, this Court will overrule the Creditor's objection.

## FACTS

The relevant facts are not in material dispute. Debtor is the owner of real property located at 31612 Reading Street, Oceanview, DE 19970. He is also the owner of a 1994 mobile home (the "Mobile Home") which sits atop the real property.[3] The Debtor acquired both the real property and the Mobile Home with monies loaned to him by the Creditor's predecessor, Green Tree, pursuant to a Promissory Note executed by

---

[1] D.I. 26
[2] D.I. 17
[3] The record reflects that the certificate of title to the Mobile Home remains unretired and is correctly filed with the Delaware Department of Motor Vehicles.

1

the parties and dated September 22, 1995. As security for the loan, the Debtor executed a mortgage that was filed with the Sussex County Recorder of Deeds on September 26, 1995. In addition, Green Tree is listed as the first lienholder on the certificate of title for the Mobile Home. The mortgage was subsequently assigned by Green Tree to the Creditor on August 3, 2020.

The Debtor filed a petition for relief under Chapter 13 of the Bankruptcy Code on August 18, 2021 (the "Petition Date"). On his Schedule D, the Debtor listed the Creditor as a secured creditor holding a claim totaling $61,049.38, of which $15,000 was listed as secured by the real property and mobile home, with the $46,049.38 balance listed as unsecured. On Schedule A, the Debtor listed the value of the real property as $15,000 and on Schedule B he listed the value of the Mobile Home as $2,000. On September 14, 2021, the Creditor filed a secured Proof of Claim for $61,049.38 as more fully set forth in Claim 2-1.[4]

The Debtor proposes in his Chapter 13 Plan to allow and pay a secured claim in the amount of $15,000 for the real property and $2,000 for the Mobile Home respectively, with an interest rate of 4.25% per annum. The Debtor proposes to treat the remainder of the Creditor's claim as a general unsecured non-priority claim. The Creditor has objected to confirmation of the Debtor's Chapter 13 Plan[5] pursuant to 11 U.S.C §1322(b)(2) which, it asserts, prohibits the Debtor from modifying the Creditor's claim against both the real estate and Mobile Home. The parties were directed by the

---

[4] The respective parties have agreed to determine issues surrounding the valuation of the property at a later date if necessary.
[5] D.I. 26.

Court to address the threshold legal issue via letter briefing.[6] In their submissions, both parties have stipulated that the Mobile Home is personal property that can be crammed down.[7]

The threshold issue that remains before this Court is whether the Real Property, which sits below the Mobile Home, can also be crammed down in the Debtor's Chapter 13 Plan.

## JURISDICTION

The Court has jurisdiction over this matter under 28 U.S.C. §§ 1334 and 157(b)(1). Venue is proper in this Court pursuant to 28 U.S.C. §§ 1408 and 1409. Consideration of the Objection constitutes a core proceeding under 28 U.S.C. § 157(b)(2)(A), (B). (L) and (O).

## DISCUSSION

Section 1322(b)(2) of the Bankruptcy Code provides that a debtor's plan may "modify the rights of holders of secured claims, other than a claim secured *only* by a security interest in real property that is the debtor's principal residence."[8] Pursuant to this provision of the Bankruptcy Code, which is often referred to as the "anti-modification" provision, a debtor may modify a secured claim unless the claim secures property that is (1) real property, (2) the debtor's principal residence, and (3) the only

---

[6] D.I. 49.

[7] *See* D.I. 46, 53. Creditor's submission directly acknowledges that §1322(b)(2) does not apply to the Mobile Home: "Since it is the Debtor's principal residence and personal property under Delaware law, Creditor does not disagree that its claim with respect to the mobile home can be crammed down." D.I. 46.

[8] 11. U.S.C. §1322(b) (emphasis added).

3

property secured by the claim.[9] Prior to the Bankruptcy Abuse Prevention and Consumer Protection Act of 2005 (Pub. L. No. 109-8) ("BAPCPA"), the Bankruptcy Code did not define the term "debtor's principal residence." BAPCPA amended section 101 to add the following definition:

> (13)(A) the term "debtor's principal residence" –
>
> > (A) Means a residential structure, including incidental property, without regard to whether that structure is attached to real property; and
> > (B) Includes an individual condominium or cooperative unit, a mobile or manufactured home, or trailer.

11 U.S.C. §101(13)(A)

The Creditor argues that the land meets the requirements of the narrow cramdown exception articulated in 11 U.S.C. 1322(b)(2). The Court disagrees. The Third Circuit has consistently held that mortgages encompassing additional collateral do not fall within the cramdown exception.[10] Both the Debtor and Creditor agree that the Mobile Home is personal property. Because the mortgage includes both the Mobile Home and the real property, the 11 U.S.C 1322(b)(2) requirements have not been met and the Creditor's mortgage claim is eligible for cramdown.

---

[9] *See Scarborough v. Chase Manhattan Mortg. Corp. (In re Scarborough)*, 461 F.3d 406 (3d Cir. 2006).
[10] *1st 2nd Mortg. Co. of NJ., Inc. v. Ferandos (In re Ferandos)*, 402 F.3d 147, 154 (3d Cir. 2005) ("[I]n each of the four opinions we have rendered, we have read section 1322(b)(2) to mean what its language literally states: that claim will be subject to modification unless *only* the real property stands as security.").

**CONCLUSION**

For the foregoing reasons, the Creditor's Objection to the Confirmation of the Debtor's plan is overruled. Section §1322(b)(2) permits modification of a lender's claim that is secured by collateral other than the property that is the debtor's principal residence. This Court finds that the mortgage is secured by both the Mobile Home and real property, and therefore can be crammed down.

BY THE COURT:

_____
BRENDAN LINEHAN SHANNON
UNITED STATES BANKRUPTCY JUDGE

Dated: January 12, 2023